■ In the Matter of BOARD OF EDUCATION, PEARL RIVER UNION FREE SCHOOL DISTRICT, Appellant, v PEARL RIVER TEACHERS ASSOCIATION, LOCAL 1969, NYSUT, AFT, NEA, AFL-CIO, Respondent.—In a proceeding pursuant to CPLR 7511 to vacate an arbitrator's award, the petitioner appeals from an order of the Supreme Court, Rockland County, dated November 10, 1976, which denied its application and granted respondent's cross application to confirm the award. Order affirmed, with $50 costs and disbursements. Petitioner-appellant's contention that the arbitrator, in effect, rewrote the parties' collective bargaining agreement by his decision, is unsupported. No ground upon which this court could vacate the arbitrator's award has been established by the petitioner (see CPLR 7511). Hopkins, Acting P. J., Margett, Damiani and Rabin, JJ., concur.

■ In the Matter of GEORGE BRADLEY, Appellant, v NASSAU COUNTY CIVIL SERVICE COMMISSION et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of respondent Leonard, Executive Directrix of the Nassau County Civil Service Commission, which denied petitioner's request to "upgrade" certain positions in the Nassau County Department of Probation, petitioner appeals from (1) a judgment of the Supreme Court, Nassau County, dated March 5, 1976, which, *inter alia,* dismissed the proceeding and (2) an order of the same court, dated May 26, 1976, which denied his motion for leave to reargue. Appeal from the order dismissed. No appeal lies from an order denying a motion for leave to reargue. Judgment affirmed. Respondents are awarded one bill of $50 costs and disbursements to cover both appeals. Petitioner, a field investigator employed by the Nassau County Department of Probation, commenced a grievance on June 8, 1974, pursuant to CSEA contract, alleging that the salary of field investigators was not commensurate with the responsibilities, experience and skills required for the positions. The grievance was ultimately denied in July, 1975 on the ground that "mass upgradings in the Probation Department is not a jurisdictionally proper subject * * * in a grievance procedure. The subject matter is appropriate for Civil Service Commission review and determination." Petitioner does not challenge the denial of the grievance, but instead asserts that certain correspondence between Mr. Milone, Director of the Department of Probation, and Ms. Leonard constitutes an administrative determination which is arbitrary and capricious and he requests that the classification of probation investigators be upgraded. Rule XXIX of the Rules of the Nassau County Civil Service Commission provides procedures for the reclassification of civil service positions. Petitioner has made no application for reclassification pursuant to that rule and the correspondence between Mr. Milone and Ms. Leonard, consisting of interdepartmental memos, does not constitute such an application. Since no proper application has been made, it cannot be concluded that there is a final determination by respondents which can be reviewed. Hopkins, Acting P. J., Margett, Damiani and Rabin, JJ., concur.